UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                               No.  16-CR-826-LTS

AMAR AHMED,

       Defendant.

-------------------------------------------------------x

## Order

The Court has received Defendant Amar Ahmed's letter dated August 31, 2020 ("Aug. 31 Ltr."), submitted in response to the Court's Order dated August 25, 2020 (Docket Entry No. 511), which denied Mr. Ahmed's motion for compassionate release based on his health conditions and risk of exposure to COVID-19 infection at Federal Correctional Institution ("FCI") Loretto (see Docket Entry Nos. 510, 514, together the "Motion"), without prejudice to refiling, because Mr. Ahmed has not exhausted all administrative remedies as required under 18 U.S.C. § 3582(c)(1)(A).

In Defendant's August 31 letter, he writes that he "has exhausted all administrative remedies as required."  He attaches an Inmate Request for Compassionate Release Consideration Form he completed on July 8, 2020 (the "July 8 Application"), seeking compassionate release consideration "based on Incapacitation of a Spouse or Registered Partner where you are the only available caretaker." (Aug. 31 Ltr. at ECF page 7.)  Defendant explained in that application that "the compelling and extraordinary circumstances that have surfaced following my sentencing in 2017 are the health and welfare of my 9 year old daughter, my wife, my mother and my three sisters and brother." (Id. at ECF page 8.)  Defendant's application did not mention his own health conditions or his risk of COVID-19 infection at FCI Loretto.  On

July 24, 2020, the warden of Defendant's facility concluded that Defendant did not meet the criteria for being the only available caregiver for an incapacitated spouse so as to qualify him for compassionate release.  (Id. at ECF page 6.)

The Court has considered carefully Mr. Ahmed's August 31 letter and related submissions, but concludes that he has still not met his burden to show that he has exhausted his administrative remedies under Section 3582(c)(1)(A).

Section 3582(c)(1)(A) provides, in relevant part, that:

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C.A. § 3582(c)(1)(A) (Westlaw through P.L. 116-158).  In enacting and amending the compassionate release provision of Section 3582, Congress expressed its intent that the BOP have the opportunity and obligation, in the first instance, to decide whether to move for compassionate release and reduced sentences for eligible inmates.  Indeed, prison administrators are well-positioned to "prioritize the most urgent claims" and "investigate the gravity of the conditions supporting compassionate release and the likelihood that the conditions will persist."  United States v. Alam, 960 F.3d 831, 835 (6th Cir. 2020); see also United States v. Rodriguez, No. 16-CR-167 (LAP), 2020 WL 1866040, at *4 (S.D.N.Y. Apr. 14, 2020) (finding that "[t]he BOP, with its professional medical staff and its systemic measures to address the spread of COVID-19, is well situated to make a determination as to whether [a defendant] should be eligible for home confinement" because "the BOP staff at the [facility] are uniquely situated to understand the circumstances in the facility; the risk to [the defendant]; and whether . . . there is

a way to accommodate [the defendant] at the [facility] in a safe manner."). However, it is the defendant's responsibility to, at a minimum, present to the warden "[t]he extraordinary or compelling circumstances that the inmate believes warrant consideration." 28 C.F.R. § 571.61; see United States v. Mogavero, No. 2:15-CR-074 (JAD) (NJK), 2020 WL 1853754, at *2 (D. Nev. Apr. 13, 2020) ("Proper exhaustion necessarily requires the inmate to present the same factual basis for the compassionate-release request to the warden."). See also United States v. Chappell, No. 16-CR-512 (LTS), 2020 WL 3415229, at *2 (S.D.N.Y. June 22, 2020) ("The Court agrees that exhaustion of administrative remedies on a record consistent with the request that is now being made of this Court is a necessary next step in this case."). The record before the Court demonstrates that Mr. Ahmed did not raise in his July 8 Application, and the BOP was not asked to consider, his own health conditions or his risk of COVID-19 infection while at FCI Loretto. Accordingly, Defendant has not satisfied the prerequisite contemplated by Section 3582(c)(1)(A) for bringing his compassionate release Motion before this Court.

Because Mr. Ahmed's July 8 Application did not address the specific health and COVID-19 infection issues that he seeks to raise before this Court, the Court will hold Mr. Ahmed's Motion for compassionate release in abeyance pending his prompt submission of a compassionate release application based on his own health conditions and risk of COVID-19 infection to the Warden of FCI Loretto.

CONCLUSION

For the foregoing reasons, Defendant's Motion for compassionate release will be held in abeyance pending submission and BOP consideration of an application to the Warden of FCI Loretto for compassionate release on the grounds raised by Defendant in his Motion in this

Court. Defendant shall promptly file notice on the public docket informing the Court of the date and manner of submission of such application (the "Submission Date").

The Government shall promptly notify the Court of the BOP's decision regarding the Defendant's new application once it is issued. While the Defendant's new application remains pending, the Government shall file a status report informing the Court of the status of the Defendant's application fourteen (14) days following the Submission Date, and again thirty (30) days following the Submission Date. If the Defendant's new application remains pending after thirty (30) days, the Court will set a deadline for the Government to submit its response to Defendant's Motion, and for Defendant to submit a reply, if any, in support of that Motion.

SO ORDERED.

Dated: New York, New York
September 14, 2020

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

**Copy mailed to**:

Amar Ahmed
Reg. No. 78692-054
FCI Loretto
Federal Correctional Institution
P.O. Box 1000
Cresson, PA 16630