UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-　　　　　　　　　　　　　　　　　　　　　No.  16-CR-826 (LTS)

AMAR AHMED,

        Defendant.

-------------------------------------------------------x

<u>MEMORANDUM ORDER</u>

The Court has received Defendant Amar Ahmed's <u>pro se</u> motion for a reduction in sentence pursuant to 18 U.S.C. section 3582(c)(1)(A).  (Docket Entry No. 533, the "Motion.")  On June 15, 2018, upon pleading guilty, Mr. Ahmed was convicted of one count of participating in a conspiracy to commit a Hobbs Act robbery, in violation of 18 U.S.C. section 1951, and one count of possession of a firearm in connection with a crime of violence, in violation of 18 U.S.C. section 924(c)(1)(A)(i).  (Docket Entry No. 187.)  On November 14, 2018, the Court sentenced him principally to a total of 87 months of imprisonment, to be followed by a three-year supervised release term.  (Docket Entry No. 236.)  Mr. Ahmed is currently incarcerated at the Loretto Federal Correctional Institution ("Loretto FCI," a low security correctional facility in Pennsylvania) and, according to the Bureau of Prisons ("BOP") website, is currently scheduled to be released from BOP custody on April 17, 2023.  BOP, <u>Find an inmate</u>, https://www.bop.gov/inmateloc/ (last visited March 1, 2021).[1]

---

[1] According to Mr. Ahmed, he may be eligible for release to home detention as soon as October 17, 2022.  (Docket Entry No. 510 at 1; Motion at 2; Docket Entry No. 544 ("Reply") at 1.)

Mr. Ahmed, who is 32 years old, seeks immediate release from custody, arguing that his health conditions (including a body mass index ("BMI") of approximately 33 or 34), considered in the context of the COVID-19 pandemic and its impact on Loretto FCI, and his family circumstances constitute "extraordinary and compelling reasons" to reduce his sentence. (See Motion at ECF pages 14-15; see also Reply at 1-5.) On January 11, 2021, the Government filed its opposition to the Motion. (Docket Entry No. 534 ("Opp.").) On February 16, 2021, Mr. Ahmed, through appointed counsel, submitted his reply. The Court has reviewed the parties' submissions carefully and, for the following reasons, Mr. Ahmed's Motion is denied.[2]

## DISCUSSION

Mr. Ahmed seeks an order directing his compassionate release under 18 U.S.C. section 3582(c)(1)(A), which provides, in relevant part, that:

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . .

18 U.S.C.A. § 3582(c)(1)(A) (Westlaw through P.L. 116-259).[3] The Court therefore considers "the factors set forth in section 3553(a) to the extent that they are applicable," and then considers, in light of those factors, whether the defendant's proffered "extraordinary and

---

[2]   The Court has also considered Mr. Ahmed's previous submissions concerning his medical conditions, the spread of COVID-19 at his facility, and his family circumstances. (See Docket Entry Nos. 510, 514, 517.)

[3]   The Government does not dispute that Mr. Ahmed has satisfied section 3582(c)(1)(A)'s exhaustion requirement. (See Opp. at 3.)

compelling reasons" for a sentence reduction warrant such a reduction. The Court may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release" in determining whether those reasons warrant a sentence reduction. United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020). "The defendant has the burden to show he is entitled to a sentence reduction" under section 3582(c)(1)(A). United States v. Ebbers, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

The Court's consideration of the section 3553(a) factors at the time of Mr. Ahmed's sentencing hearing, on November 14, 2018, is reflected in the transcript of that hearing. (Docket Entry No. 253 ("Sent. Tr.").)[4] As to the nature and circumstances of the offense, the Court noted that Mr. Ahmed, who owned and operated a deli in the Bronx, participated in a criminal drug trafficking organization that engaged in narcotics distribution and committed multiple robberies. (Id. at 23.) Mr. Ahmed "permitted narcotics sales at his store" and "facilitated the commission of several armed robberies by lending his vehicle" to other members of the conspiracy "and/or serving as a getaway driver," including for one robbery during which a firearm was discharged. (Id. at 23-24.) While Mr. Ahmed did not appear to have been involved in planning the robberies, his crimes nonetheless posed threats to the safety of his community.

---

[4] The sentencing factors set forth in 18 U.S.C. section 3553(a) are: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range . . . ; (5) any pertinent policy statement [issued by the Sentencing Commission in effect on the date the defendant is sentenced]; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense." 18 U.S.C.A. § 3553(a) (Westlaw through P.L. 116-259).

The Court also considered Mr. Ahmed's own nature and characteristics, including his struggle with developmental disabilities, his acceptance of responsibility and expressions of remorse, and his close ties with his family and, in particular, with his wife and daughter who, the Court noted, were "dependent on him and are looking forward to reuniting with him when he is released." (Id. at 24-26.)  "[C]onsidering Mr. Ahmed's role in the offenses, his family ties, his disability, and his positive use of his time since his arrest," as well as other considerations stated on the record, the Court sentenced Mr. Ahmed to a total term of 87 months of incarceration, a downward variance from the total applicable advisory guidelines range (93 to 101 months of imprisonment), to be followed by a three-year term of supervised release.  (Id. at 23, 26-27.)

In the approximately two years and four months since Mr. Ahmed's sentencing, he has completed nearly two dozen educational courses in wellness, health, and business acumen, among other topics.  (Reply at 3 & Ex. A.)  As far as the Court has been made aware, his time in custody has been free of disciplinary incident.  The Court also acknowledges, as Mr. Ahmed argues (Reply at 2-3), "the harsher conditions of confinement that inmates," including Mr. Ahmed, "have faced as a result of lockdowns and other measures" resulting from the COVID-19 pandemic.  United States v. Rosario, No. 09-CR-415 (VEC), 2020 WL 7695707, at *2 (S.D.N.Y. Dec. 24, 2020).  The Court considers each of these facts in weighing Mr. Ahmed's history and characteristics for purposes of this Motion.

With these facts and the section 3553(a) factors in mind, the Court next considers whether Mr. Ahmed's proffered extraordinary and compelling reasons—his health conditions in the context of the COVID-19 pandemic and his custody at Loretto FCI, and his family circumstances—warrant a reduction in Mr. Ahmed's sentence.  18 U.S.C.A. § 3582(c)(1)(A).

In seeking a reduction in his sentence, Mr. Ahmed first cites his BMI of 33 or 34 (Motion at ECF page 14; Reply at 2), which is in the lower range of the Centers for Disease Control and Infection's ("CDC") definition of "obesity" (between 30 kg/m$^2$ and 40 kg/m$^2$), and which places him at an increased risk for severe illness from COVID-19.  CDC, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited March 1, 2021).  Mr. Ahmed argues that he is also at a comparatively higher risk of contracting COVID-19, by virtue of his incarceration, and in particular by virtue of his incarceration at Loretto FCI, which was the site of one of the largest outbreaks of COVID-19 in the facilities operated by the BOP in late 2020.  See ABC News, Questions remain about COVID testing at federal prisons as 2nd wave hits US, https://abcnews.go.com/Health/questions-remain-covid-testing-federal-prisons-2nd-wave/story?id=74680192 (last visited March 1, 2021) ("Currently [as of December 12, 2020] there are two facilities with over 600 cases of COVID-19 in inmates: FCI Englewood in Colorado and FCI Loretto in Pennsylvania.  At Loretto, 62% of all inmates at the facility tested positive, according to BOP data.").  Indeed, Mr. Ahmed's medical records appear to reflect that he himself contracted COVID-19 in or around early December 2020, although his case was "resolved" on or about December 14, 2020.  (See Opp. Ex. B at page 30.)

While the Court appreciates Mr. Ahmed's genuine concern about the recent outbreak of COVID-19 at his facility, and recognizes that "[t]he BOP's mitigation measures do not, and cannot, eliminate completely the risk of COVID-19," United States v. Ortega, No. 02-CR-348 (LTS), 2020 WL 3402914, at *3 (S.D.N.Y. June 19, 2020), the Court notes that the BOP now reports only 15 active COVID-19 cases among the staff, and none among the inmate population, at Loretto FCI.  BOP, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/

(last visited March 1, 2021).  Moreover, Mr. Ahmed is only 32 years old, and is thus in an age group with a relatively lower risk of severe illness from COVID-19 than that faced by older adults.  United States v. Batista, No. 18-CR-319 (LTS), 2020 WL 6132239, at *4 (S.D.N.Y. Oct. 19, 2020) (collecting CDC data); United States v. Toro, No. 19-CR-299 (AT), 2020 WL 3472430, at *2 (S.D.N.Y. June 25, 2020) ("At 30 years old, Defendant is not in the age group of individuals at higher risk of serious illness from COVID-19.").  Given his youth and his BMI on the lower end of the elevated risk scale, the Court finds that Mr. Ahmed's health conditions do not present extraordinary and compelling circumstances warranting compassionate release.  See United States v. Stubbs, No. 18-CR-284-8 (JSR), 2021 WL 185415, at *2 (S.D.N.Y. Jan. 19, 2021) ("Stubbs is only 30 years old, and obesity and hypertension appear to be substantially less serious risk factors than age. . . .") (citations omitted).

Mr. Ahmed also seeks a reduction in his sentence based on his family circumstances.  In particular, Mr. Ahmed writes that his wife and his daughter, who has asthma, live in an apartment in Manhattan with twelve people, a residential situation that increases their risk of contracting COVID-19.  (Motion at ECF pages 14-15; Reply at 5; Docket Entry No. 517 at ECF page 8.)  Mr. Ahmed states that, if released, he could relocate his wife and daughter to his sister's home in Yonkers, which would allow his wife to return to work, "providing [his] family with the financial resources necessary to live more comfortably," and which would place both his wife and daughter at a lower risk of contracting COVID-19.  (Motion at ECF page 14; Reply at 5.)

The Court credits the close family relationships Mr. Ahmed has maintained both before and during his time in custody (see Reply Ex. B (collecting letters of support from Mr. Ahmed's family and friends)), and Mr. Ahmed's desire to serve as a support for his wife and

daughter.  However, the Court considered that desire in fashioning an appropriate sentence at Mr. Ahmed's sentencing hearing (Sentc. Tr. at 24-26) and, while the COVID-19 pandemic has surely made his family's circumstances more challenging, "[t]he impact of the COVID-19 pandemic on Defendant and his family [is] not unique and no doubt many inmates face the same difficulties and hardships."  United States v. Spaulding, No. 16-CR-851 (VSB), 2020 WL 5089441, at *6 (S.D.N.Y. Aug. 27, 2020).  The Court therefore concludes that Mr. Ahmed's family circumstances do not present extraordinary and compelling circumstances warranting compassionate release.  Id., at *5-6 (denying motion for compassionate release based in part on the movant's desire to serve as a support, during the pandemic, for his wife and daughter suffering from asthma, among other health issues).

        Having considered the applicable section 3553(a) factors, the circumstances at Loretto FCI, Mr. Ahmed's health conditions, and his family circumstances, the Court concludes that the sentence imposed on Mr. Ahmed remains appropriate and consistent with section 3553(a), and that extraordinary and compelling reasons do not warrant a reduction in Mr. Ahmed's sentence.

<u>CONCLUSION</u>

For the reasons set forth above, Mr. Ahmed's motion for compassionate release pursuant to 18 U.S.C. section 3582(c)(1)(A) is denied. An Order on Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) will also be entered. Chambers will mail copies of this Memorandum Order and the Order on Motion for Sentence Reduction to Mr. Ahmed.

Docket Entry Nos. 533 and 544 are resolved.

SO ORDERED.

Dated: New York, New York
       March 1, 2021

<u>/s/ Laura Taylor Swain</u>
LAURA TAYLOR SWAIN
United States District Judge

**Copies mailed to:**

Amar Ahmed
Reg. No. 78692-054
FCI Loretto
Federal Correctional Institution
P.O. Box 1000
Cresson, PA 16630