UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

UNITED STATES OF AMERICA

    -v-                                                                            No. 16-CR-826-LTS

AMAR AHMED,

        Defendant.

-------------------------------------------------------x

ORDER

The Court has received Defendant Amar Ahmed's pro se motion for reconsideration (docket entry no. 581, "Motion") of the Court's Memorandum Order denying his motion for a reduction in sentence pursuant to 18 U.S.C. section 3582(c)(1)(A) (docket entry no. 545, "Mem. Ord.").

A motion for reconsideration is not intended as "a vehicle for relitigating old issues, presenting the case under new theories . . . or otherwise taking a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and citation omitted).[1] Indeed, reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted). To warrant reconsideration, the moving party bears the burden of showing "an intervening change of controlling law, the availability of new evidence, or the need to correct a

---

[1] "Courts consider criminal motions for reconsideration under 'largely the same' standards as the equivalent civil motions." United States v. Nawaz, No. 16-CR-431 (AT), 2021 WL 664128, at *1 (S.D.N.Y. Feb. 19, 2021) (quoting United States v. Lisi, No. 15-CR-457 (KPF), 2020 WL 1331955, at *2 (S.D.N.Y. Mar. 23, 2020)).

clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted).

In his Motion, Mr. Ahmed largely raises the same issues as he raised in his underlying motion for compassionate release, including his health conditions and family circumstances, his experience in custody during the COVID-19 pandemic, and his post-sentencing rehabilitation. (Motion at 1-3; see also docket entry nos. 514, 517, 533, 544.) He also raises the emergence in the United States of the Delta variant of the virus that causes COVID-19. See Centers for Disease Control ("CDC"), Delta Variant: What We Know About the Science, https://www.cdc.gov/coronavirus/2019-ncov/variants/delta-variant.html (last visited August 24, 2021).

The Court appreciates Mr. Ahmed's report that "[t]he person that [he] was prior to coming to prison is not the person [he is] today," and his desire to help support his family. (Motion at 2-3.) However, the Court considered Mr. Ahmed's articulated vision for his life going forward and his family circumstances at sentencing (see docket entry no. 253 at 25-26), as well as in its decision denying his underlying motion for compassionate release. (Mem. Ord. at 3-7.) The Court also acknowledges the threat the Delta variant poses, but notes that the Bureau of Prisons ("BOP") currently reports no COVID-19 cases at FCI Loretto, see Bureau of Prisons ("BOP"), COVID-19 Coronavirus, https://www.bop.gov/coronavirus (last visited August 24, 2021); that the majority of inmates at that facility have received a COVID-19 vaccine, see id. (reporting that 133 staff and 638 inmates have been fully vaccinated); BOP, FCI Loretto, https://www.bop.gov/locations/institutions/lor/ (last visited August 24, 2021) (reporting a total of 816 inmates at FCI Loretto); and that such "[v]accines in the US are highly effective, including against the Delta variant." CDC, Delta Variant: What We Know About the Science,

https://www.cdc.gov/coronavirus/2019-ncov/variants/delta-variant.html (last visited August 24, 2021).

Therefore, and for the reasons stated in the Court's Memorandum Order, the Court concludes that the sentence imposed on Mr. Ahmed remains appropriate and consistent with the factors set forth in 18 U.S.C. section 3553(a).

For the reasons stated above, Mr. Ahmed's motion for reconsideration is denied.

This Order resolves docket entry no. 581.

Chambers will mail a copy of this Order to Mr. Ahmed.

SO ORDERED.

Dated: New York, New York
August 24, 2021

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

**Copies mailed to:**

Amar Ahmed
Reg. No. 78692-054
FCI Loretto
Federal Correctional Institution
P.O. Box 1000
Cresson, PA 16630