UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

UNITED STATES OF AMERICA

    -v-                                                        No. 16-CR-826-LTS

AMAR AHMED,

        Defendant.

----------------------------------------------------------x

## Order

        The Court has received Defendant Amar Ahmed's second pro se motion for reconsideration (docket entry no. 590, "Motion") of the Court's Memorandum Order dated March 1, 2021, denying his motion for a reduction in sentence pursuant to 18 U.S.C. section 3582(c)(1)(A) (docket entry no. 545, "March 1 Order"). The Court denied Mr. Ahmed's first motion for reconsideration in an Order dated August 24, 2021 (docket entry no. 582, "August 24 Order").

        As set forth in the Court's August 24 Order, a motion for reconsideration is not intended as "a vehicle for relitigating old issues, presenting the case under new theories . . . or otherwise taking a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and citation omitted).[1] Indeed, reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted). To warrant reconsideration, the moving

---

[1] "Courts consider criminal motions for reconsideration under 'largely the same' standards as the equivalent civil motions." United States v. Nawaz, No. 16-CR-431 (AT), 2021 WL 664128, at *1 (S.D.N.Y. Feb. 19, 2021) (quoting United States v. Lisi, No. 15-CR-457 (KPF), 2020 WL 1331955, at *2 (S.D.N.Y. Mar. 23, 2020)).

party bears the burden of showing "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted).

In his Motion, Mr. Ahmed asks the Court to reduce his sentence in light of the "severe outbreak of COVID-19" resulting principally from the Omicron variant of that virus, the flu virus, and the "complete lockdown" at FCI Loretto, where Mr. Ahmed is in custody, implemented to control the spread of those viruses. Mr. Ahmed reports that as a result of that lockdown there is "no movement, programming, or work call," and argues that, in contrast to that "dead time with no purpose," his release would allow him to work helping the community and helping to feed the less fortunate.

Mr. Ahmed's motion does not show any overlooked law or facts or a fundamental miscarriage of justice so as to warrant reconsideration of the Court's March 1 and August 24 Orders. While the Omicron variant is causing renewed outbreaks of COVID-19 nationally, Mr. Ahmed, who is 33 years old, is not at a comparatively high risk of suffering severe illness from COVID-19 infection. (See Mar. 1 Ord. at 5-6.) In addition, the Court notes that nearly 1,000 combined inmates and staff at FCI Loretto have been vaccinated against COVID-19, see Bureau of Prisons ("BOP"), COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited January 11, 2022), with vaccines that are "expected to protect against severe illness, hospitalizations, and deaths due to infection with the Omicron variant." Centers for Disease Control and Prevention, Omicron Variant: What You Need to Know, https://www.cdc.gov/coronavirus/2019-ncov/variants/omicron-variant.html (last visited January 11, 2022). Moreover, though the Court commends Mr. Ahmed's rehabilitative efforts while in custody and his desire to do good works upon his release, the possibility for Mr. Ahmed to have

a more productive use of his remaining custodial term also does not, without more or in combination with the spread of the Omicron variant, warrant reconsideration.

Therefore, and for the reasons stated in the Court's March 1 and August 24 Orders, the Court concludes that the sentence imposed on Mr. Ahmed remains appropriate and consistent with the factors set forth in 18 U.S.C. section 3553(a), and Mr. Ahmed's second motion for reconsideration is denied.

This Order resolves docket entry no. 590.

Chambers will mail a copy of this Order to Mr. Ahmed.

SO ORDERED.

Dated: New York, New York
January 11, 2022

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

**Copies mailed to:**

Amar Ahmed
Reg. No. 78692-054
FCI Loretto
Federal Correctional Institution
P.O. Box 1000
Cresson, PA 16630