UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

    -v-                                                                                           No. 16-CR-826-LTS

AMAR AHMED,

        Defendant.

-------------------------------------------------------x

### Sealing Order

The Court has received Defendant Amar Ahmed's pro se communication, attached hereto as an exhibit, which is denominated as a motion seeking review of a Bureau of Prison's custody determination and also requests, as an alternative, resentencing. Because Mr. Ahmed's communication also attaches sensitive records, such as personal contact and medical information, the Court will file that attachment separately under seal.

The Court does not have the authority to entertain Mr. Ahmed's requests. The BOP has sole authority to, among other things, designate an inmate's place of imprisonment and direct the transfer of an inmate from one facility to another. See 18 U.S.C. § 3621(b). While the sentencing court's recommendation is a factor in the BOP's decision to either designate the place of imprisonment or transfer the inmate to another facility, the agency's decision "is not reviewable by any court." See id. Therefore, the Court denies Mr. Ahmed's request without prejudice to his pursuit of BOP administrative remedies.

The Court also does not have authority to resentence Mr. Ahmed under the current circumstances. A Court may not modify a term of imprisonment once it has been imposed except where permitted (1) under 18 U.S.C. § 3582(c)(1)(A) (the "compassionate

release" statute), (2) under Federal Rule of Criminal Procedure 35, or (3) in a case where the defendant has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission, which is inapplicable here. See 18 U.S.C. § 3582(c); see also United States v. Bernabal, 22 F. App'x 37, 39 (2d Cir. 2001). Mr. Ahmed has previously filed a motion for compassionate release, which requires a showing that the defendant has exhausted administrative remedies prior to judicial review, and the Court ruled on that motion. (See Docket entry no. 545.) Mr. Ahmed does not style the present request as one for compassionate release under the statute, nor does he indicate that he has pursued his administrative remedies under the same. As for Federal Rule of Criminal Procedure 35, under section (a), a court may correct a sentence only within 14 days and only when that sentence resulted from an arithmetical, technical, or other clear error. See FED. R. CRIM. P. 35(a). This rule is also inapplicable here as the allotted time frame has elapsed, and there is no indication, nor does Mr. Ahmed claim, that his sentence was the result of an enumerated error. See FED. R. CRIM. P. 35(a) Advisory Committee's Note ("[35(a)] is not intended to afford the court the opportunity to . . . simply change its mind about the appropriateness of the sentence.")

      The Court encourages Mr. Ahmed to discuss his request with his counselor and follow any BOP procedures for making such requests.

      Chambers will mail a copy of this Order to Mr. Ahmed.

      SO ORDERED.

Dated: New York, New York
      November 30, 2022

                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge

**Copies mailed to:**

Amar Ahmed
Reg. No. 78692-054
MDC Brooklyn
Metropolitan Detention Center
P.O. Box 329002
Brooklyn, NY 11232

# EXHIBIT

| | |
|---|---|
| **From:** | Sarah Ali |
| **To:** | NYSD Swain Corresp |
| **Subject:** | PLEASE URGENT: Amar Ahmed #78692-054 (ProSe Motion) |
| **Date:** | Wednesday, November 23, 2022 12:57:34 PM |
| **Attachments:** | Amar grievance and remedy forms.pdf |

**CAUTION - EXTERNAL:**

November 22, 2022

Dear Judge Swain,

  I, Amar Ahmed respectfully submit this pro se motion requesting to be released from MDC Brooklyn and be placed back to the halfway house or a sentence of time served followed by 36 months supervised release.

  First of all I hope this finds you well and thank you for taking your time to read this letter, as I know you are very busy; especially since it's right before the Thanksgiving Weekend. From the very first day I was incarcerated in February 2017 till I was transferred to Bronx Community Reentry Center in May 2022 I never tested positive for any drugs and has never had any drug use history. To keep it brief and simple the following timeline explains what happened:

1. October 11, 2022 Amar gave a urine sample

2. October 18, 2022 urine sample came back positive

3. October 18, 2022 Amar sent 2 emails to Melissa Brantly (mbrantley@geogroup.com) about the procedures to dispute the test and afraid of missing work and losing his job he hasn't missed a day since he started. No response was ever returned from Ms. Brantly and **no response**.

4. October 19, 2022 Amar was told they were going to retest that same sample. Additionally he took 2 additional urine tests but never received those results and **no response**.

5. October 19, 2022 Amar sent a follow up email to Melissa Brantly about procedures in getting a review of camera footage and urging them to do it promptly since he is not sure how long the CTV system records for and **no response.**

6. October 29, 2022 Amar submitted a **Resident Grievance Form** to Ms. Cosme (Facility Director) and Mr. Owens (Asst. Facility Director) and **no response.**

7. October 29, 2022 Amar sent another email to Melissa Brantly about why he was denied his 12 hour social visit and **no response.**

8. October 30, 2022 Amar sent another email to Melissa Brantly asking how to solve the urine test issue and **no response.**

9. October 31, 2022 Amar submitted a **Resident Grievance Form** to Ms. Cosme (Facility Director) and Mr. Owens (Asst. Facility Director) and **no response.**

10.
November 1, 2022 Amar submitted a **Regional Administrative Remedy Appeal** and **no response.**

11.
November 6, 2022 Amar wrote a letter to Regional Office and **no response**

12.
November 9, 2022 Amar submitted a **Resident Grievance Form** and **no response.**

13.
November 9, 2022 Amar was taken to MDC in Brooklyn.


The incident that got me removed from the halfway house was a false positive reading or mis-labeling on a urine test with someone else. I filled out all the forms (grievances, bp-9, bp-10) needed to dispute the shot but as of today I have not received one response to any of them. I have been getting the run around from the DHO staff here at MDC Brooklyn and staff at the halfway house. No solid answers from no one. I didn't even get a hearing with the group I committed the infraction with to plead my side.

I am submitting copies of all the things I tried to do before I was removed from the halfway house. I even called the lab that did the testing and they told me that they test any sample 3x before submitting a final result. So they leave the halfway house to review their cameras but refuse to. Also there are copies of emails I sent to my case manager at the halfway house but no response at all, my pay-stubs from the day I was released from FCI Loretto.

I offered to do a hair particle test to assure them that there was a mistake but they refused to entertain any 3rd party results. I tried with the facility director at the halfway house but no solid answer came from her and she refused to look at any camera footage of the day (October 11, 2022 at 9:10pm,) I gave them my urine sample. I never had this problem or did any drugs my whole life and as you stated as a condition that all drug testing will be suspended but I still had no problem giving them my urine. Please review the report and see which department is spinning me around, DHO is saying it is up to CDC and CDC is saying it is up to the judge and DHO.

Please see if you can request the camera footage or all the tests I have taken there since MAY 19, 2022 which are over 27 tests. Thank you for looking into this matter.


Thank you

Amar Ahmed  #78692-054

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.