UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                                                   No. 16-CR-826-LTS

AMAR AHMED,

        Defendant.

-------------------------------------------------------x

## Order Denying Motion and Sealing Certain Material

The Court has received Defendant Amar Ahmed's pro se communication, attached hereto as an exhibit, which is denominated as a motion seeking review of a Bureau of Prison's ("BOP") custody determination. Mr. Ahmed also requests the expungement of an incident report and restoration of good time credit, both of which are purportedly associated with the BOP's custody determination. Because Mr. Ahmed's communication also attaches sensitive records, such as personal contact and medical information, the Court will file that attachment separately under seal.

Mr. Ahmed has submitted several such communications to the Court, seeking various forms of relief associated with his transfer from a halfway house to a BOP facility. The Court previously entered an order explaining that it does not have the authority to entertain Mr. Ahmed's requests because, among other things, the BOP has sole authority to designate an inmate's place of imprisonment and direct the transfer of an inmate from one facility to another. See 18 U.S.C. § 3621(b). While the sentencing court's recommendation is a factor in the BOP's decision to either designate the place of imprisonment or transfer the inmate to another facility, the agency's decision "is not reviewable by any court." See id. Therefore, as the Court ruled in

its previous order, it once again denies Mr. Ahmed's request without prejudice to his pursuit of BOP administrative remedies.

The Court encourages Mr. Ahmed to follow any BOP procedures for making such requests. And, as he is presently housed at Federal Correctional Institution Loretto, located in the Western District of Pennsylvania ("WDNY"), the Court also encourages Mr. Ahmed to contact the U.S. District for the WDNY and consult its resources available for pro se litigants, some of which are accessible at https://www.pawd.uscourts.gov/filing-without-attorney.

Chambers will mail a copy of this Order to Mr. Ahmed.

SO ORDERED.

Dated: New York, New York
January 25, 2023

_____
LAURA TAYLOR SWAIN
Chief United States District Judge

**Copies mailed to:**

Amar Ahmed
Reg. No. 78692-054
FCI Loretto
Federal Correctional Institution
P.O. Box 1000
Cresson, PA 16630

# EXHIBIT

January, 11 2023

Dear Chief Judge Swain:

NO. 16-CR-826-LTS

I respectfully submit this pro se motion requesting that the Court restore 41 days of lost "good time credit" and expunge the incident report number 3691347. That resulted in my removal from the halfway house.

I would like to inform you with these attached documents and assure you that I have exhausted all the administrative remedies paper work and submitted at the appropriate time frame for each process. And as you can see none has been entertained, so which tells me that my grievance is in my favor and the FBOP does not want to reinstate my 41 days that was taken.

This incident is holding me back now to get resubmitted to RCC. This means on 6/24/2023 I will be released from FCI Loretto with no place to go or time to find me a apartment in NYC. My case manager and unit manager have told me "due to my failure of RCC they can not submit me back there unless the incident report gets over turned. As you know this process takes a while, 60 days at a time for Central office to respond.

I can assure you that the BP-11 I submitted on 1/2/2023 will come back denied because there was no response to the BP-10. And the time they understand that and review the FBOP program statement they would not have enough time to be placed in the halfway house, case manager will just spin me or delay the process.

I was on top of this incident as soon as I have received the paper on 10/18/2022. I was never seen by DHO, that was the first error. I submitted 4 to 5 urine samples from 10/18/2022 to 11/06/2022 (20 days) so I belive these should be taking into consideration. Since it seems they refuse to review camera footage the night of 10/11/2022 when urine was taking.

Thank you for looking into this matter. And hopefully you can inform my unit manager and case manager to resubmit me to RCC and let them make the decision of readmission.

Thank You

Amar Ahmed #78692-0